THE MANUFACTURERS LIFE INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1368. Promulgated February 26, 1945.

*John W. Townsend, Esq.*, for the petitioner.
*Paul A. Sebastian, Esq.*, for the respondent.

818

OPINION.

SMITH, *Judge*: The first question for consideration is whether the petitioner derived taxable income during 1940 in the amount of $124,446.56 representing interest on mortgage loans realized through acquisition of the mortgaged property through foreclosure proceedings. This amount is the excess of accrued interest upon the foreclosed properties over the stipulated values of the properties at the time they were acquired through foreclosure proceedings. The Internal Revenue Code in force in 1940 provides in material part as follows:

SEC. 202. GROSS INCOME OF LIFE INSURANCE COMPANIES.

(a) GROSS INCOME DEFINED.

(1) IN GENERAL.—In the case of a life insurance company the term "gross income" means the gross amount of income received during the taxable year from interest, dividends, and rents.

\* \* \* \* \* \* \*

SEC. 203. NET INCOME OF LIFE INSURANCE COMPANIES.

(a) GENERAL RULE.—In the case of a life insurance company the term "net income" means the gross income less—

\* \* \* \* \* \* \*

(7) INTEREST.—All interest paid within the taxable year on its indebtedness, except on indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from taxation under this chapter.

The petitioner makes its income tax returns upon a cash receipts and disbursements basis. Ordinarily a taxpayer on such basis is required to include in gross income only income received in cash or in property which is the equivalent of cash. The petitioner did not in 1940 receive the $124,446.56 accrued interest in question here in cash. Neither did it receive any property which was the equivalent of cash in respect of such $124,446.56. The respondent contends, nevertheless, that, since the petitioner acquired the parcels of property here in question by

foreclosure proceedings, it is taxable upon the accrued interest of $124,446.56 under the principle of *Helvering* v. *Midland Mutual Life Insurance Co.*, 300 U. S. 216. It was there held that where an insurance company bid in property sold on foreclosure for the amount of the principal and interest the interest was subject to income tax though the bids were made without regard to actual value and the properties were of less value than the amount of the principal. It is his contention that the price fixed by the court or official having jurisdiction in the foreclosure proceedings, which presumably was in every case as much as the principal and accrued interest due the mortgagee, was the equivalent of a bid for the property made by the mortgagee of the amount of its claim.

In those provinces where the court fixed the amount at which the property might be acquired the amount is referred to as a "reserve bid." The respondent submits:

\* \* \* In the instant case, respondent contends that the reserve bid being the petitioner's bid, it was the only bidder and by virtue of the fact that there were no other bidders, the property was conveyed to it. \* \* \*

We do not think that the evidence supports the contention of the respondent. The evidence is conclusive that in no case did the petitioner make any bid for the mortgaged property; also, that the petitioner did not know the price which was fixed by the court or other official having jurisdiction in the premises.

The value of the properties at the date of acquisition by the petitioner is stipulated. Such values are $124,446.56 less than the petitioner's claim against the mortgagors, which claim consists of the principal of the debt, other amounts which may have been advanced by the petitioner for the payment of taxes, etc., and accrued interest.

In our opinion *Helvering* v. *Midland Mutual Life Insurance Co.*, *supra*, is not controlling in this case. That case was decided upon the fact that the insurance company to protect its claim against the mortgagor made a bid for the property at public sale of the full amount of its claim against the mortgagor. In the instant case the petitioner made no bid for the property. There is no evidence to show that it would have been willing to pay for the property any more than its stipulated value. Since the petitioner did not receive the accrued interest here in question in the form of cash or of property which was the equivalent of cash, it is not taxable thereon. Cf. *Nichols* v. *Commissioner* (C. C. A., 6th Cir.), 141 Fed. (2d) 870.

The second question is whether the petitioner is entitled to deduct interest paid in the amount of $16,255.28 representing guaranteed interest paid pursuant to supplementary contracts not involving life contingencies in those cases in which such contracts were issued pursuant to options selected by the insured. In making this contention the respondent relies upon *Penn Mutual Life Insurance Co.* v. *Com-*

*missioner* (C. C. A., 3d Cir.), 92 Fed. (2d) 962, 967. The issue there was identical with that presented here. Likewise the same issue was before the court in *Equitable Life Assurance Society of the United States* v. *Helvering* (C. C. A., 2d Cir.), 137 Fed. (2d) 623, reversing 44 B. T. A. 293. That court disagreed with the Third Circuit and held that it was immaterial whether the option was exercised by the beneficiary or by the insured. The reasoning of the court was that upon the death of the insured the insurance company was required to pay interest upon an indebtedness and that when it paid that interest it was immaterial whether the option had been exercised by the beneficiary or the insured. The insurance company obtained a writ of certiorari from the Supreme Court to review another question involved in the case. The respondent made no application for a writ of certiorari. Therefore in its decision in the case, *Equitable Life Assurance Society of the United States* v. *Commissioner*, 321 U. S. 560, the Supreme Court did not pass upon the question now under consideration. The petitioner points out, however, that the respondent has in Regulations 103, section 19.203 (a) (7)-1, provided:

SEC. 19.203 (a) (7)-1. *Interest.*—* * * *
If a life insurance company pays interest on the proceeds of life insurance policies left with it pursuant to the provisions of supplementary contracts, not involving life contingencies, or similar contracts, the interest so paid shall be allowed as a deduction from gross income, * * *

It would seem therefore that the respondent has accepted as correct the opinion of the Second Circuit in *Equitable Life Assurance Society of the United States* v. *Commissioner*, *supra*, so far as it relates to the question here presented.

We think it is quite immaterial whether the option was selected by the beneficiary or the insured. The amount upon which interest was paid was an indebtedness of the insurance company just as much in the one case as in the other.

Reviewed by the court.

*Decision will be entered under Rule 50.*